No. 19,202.

MILTON FORD HATCH *v.* HARRY C. TINSLEY, WARDEN, ETC.
(352 P. [2d] 670)

Decided May 23, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

HEREIN we refer to plaintiff in error by name.

On May 8, 1958, an information was filed in the District Court of Montrose County, Colorado, charging Hatch in three counts, as follows:

1. Grand larceny, in Montrose County, on April 24, 1958.

2. Prior conviction in Pueblo County, Colorado, on May 12, 1955, of making and uttering a fictitious check with intent to defraud.

3. Prior conviction in Los Angeles County, California, on January 7, 1952, of grand larceny.

On being arraigned, Hatch entered a plea of guilty and was sentenced to a term of not less than ten or more than twenty years in the Colorado State Penitentiary.

Prior to August 7, 1959 (the record before us does not disclose the date), Hatch filed in the District Court of Montrose County his petition for a writ of habeas corpus, which on that date was denied by the trial court.

Hatch, appearing pro se, brings the matter before this court by writ of error seeking reversal.

Hatch contends that he was denied due process, in that upon his arraignment in the district court he was not furnished a copy of the information setting out the charges against him, nor a list of the people's witnesses, nor a jury list, as required by CRS '53, 39-3-6. The findings of the trial court show the contrary to be true. The court order under review states that the record of the arraignment shows:

"The defendant *having been served* a copy of the Information filed against him with a list of the People's witnesses endorsed thereon and a copy of the current jury list * * * entered a plea of guilty * * *." (Emphasis supplied.)

The record before us includes only a copy of the information, the mittimus and the order of court above mentioned.

■ Hatch alleges in his "answering brief" that these documents were not given him until after the arraignment, pleas, taking of probation report, pre-sentence investigation and sentence. This statement is not supported by the record presented by Hatch to this court.

■ Nor, as alleged by Hatch, was the denial of a hearing and the taking of testimony in response to his petition in the trial court a denial of due process. The trial court properly refused to issue the writ under the provisions of CRS '53, 65-1-1, which provides:

"* * * The court or judge to whom the application is made shall forthwith award the writ of habeas corpus, *unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved;* * * *." (Emphasis supplied.)

Hatch further asserts that the sentence imposed is null and void because in the second count of the information he is alleged to have previously committed the crime of

"fictitious check," when no such crime is recognized by the Colorado statutes. Suffice is to say that he is charged in said count with the crime of "making and uttering a fictitious check with intent to defraud," which is the exact language of one of the crimes, a felony, set out in CRS '53, 40-6-8.

Hatch asserts that he received a void sentence of ten to twenty years for the crime of "habitual criminal." However, in his reply brief he admits that he entered a plea of guilty "to the two prior felonies mentioned," and also entered a plea of guilty to the then pending charge. The sentence imposed was clearly within the limits provided by statute.

The trial court properly denied Hatch's petition for a writ of habeas corpus.

The judgment is affirmed.