No. 23873.

WILLIAM EDWARDS AND VINCENT LOPEZ *v.* THE PEOPLE OF
THE STATE OF COLORADO.
(491 P.2d 566)

Decided December 13, 1971.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Allan Lipson, Assistant, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

Donald A. Carpenter, District Judge,* delivered the opinion of the Court.

Plaintiffs in error, William Edwards and Vincent Lopez, were defendants in the trial court and will be referred to as defendants herein. The People of the State of Colorado, defendant in error, will be referred to herein as the People.

This writ of error is directed to the trial court's refusal to grant each of three motions made by defendants' attorneys in the course of the trial. Specifically, those

rulings now alleged to have been made in error were: (1) the trial court's failure to grant defendants' motion for continuance; (2) the trial court's refusal to grant defendants a hearing pursuant to defendants' motion to suppress, out of the jury's presence, prior to permitting the witness, Kern, to testify, and (3) the trial court's refusal to grant the defendants' motion to dismiss.

■ Defendants' first contention that the court erred in denying their motion for continuance is based on the failure of one Joe Pacheco to appear in court the morning of the trial as required by his bond. Pacheco was originally charged as a codefendant with Edwards and Lopez. His trial was severed from theirs. It was stated to the court that Pacheco had planned to plead guilty prior to the commencement of defendants' trial and then would offer his testimony in behalf of defendants. However, there was no showing made what evidence would be tendered or whether it would be material to the case. Counsel for defendants argued that because of Pacheco's failure to appear, they would be deprived of the opportunity to present witnesses in their behalf unless the action was continued until such time as Pacheco could be located. Defendants' argument is that the trial court's failure to grant defendants' motion for a continuance under these circumstances constitutes a violation of the Sixth Amendment and Fourteenth Amendment to the United States Constitution and Article II, § 16 of the Colorado constitution which guarantee an accused the right to have process to compel the attendance of witnesses in his behalf.

Defendants did not subpoena Pacheco. Nowhere in the record does it appear that these defendants were denied such process upon timely application for the same. Defendants' argument might have assumed far greater significance had they either availed themselves of the process of subpoenaing Pacheo or had they made timely application for subpoena to issue and be served

upon Pacheco and then somehow been denied or frustrated in that effort.

Defendants contend that they were entitled to rely upon the fact that Pacheco was already under order of court to appear on the date of trial. The material point is that the bond was to compel his appearance to respond to charges made against him by the People, not to appear and testify in behalf of defendants. Defendants cite numerous cases supporting the proposition that fundamental due process includes the right to offer evidence in the defendants' behalf. With this proposition of law the Court does not take issue, but the Court cannot agree that failure to grant a continuance under the circumstances of this case constituted in fact a denial of that right.

Defendants' second contention arises out of the refusal of the trial judge to grant defense counsel the right to examine the witness, Kern, outside the presence of the jury regarding the circumstances surrounding an indentification of defendant Edwards from a photograph exhibited to the witness Kern by the Aurora police department. Defendants' arguments are based upon *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), but are inappropriate to the facts of this case. Here, prior to the commencement of the trial, counsel made a motion to suppress the entire testimony of the prosecution's principal witness, one Nellie Lorene Kern. Mrs. Kern was the manager and clerk of the store operated by Kern Co., Inc., from which the theft of seven men's suits occurred. The record shows she was present and witnessed the theft; that she waited upon defendant Edwards who was supposedly shopping for clothing, and talked with him face to face for approximately fifteen to twenty minutes; and that while being so diverted codefendant Lopez took the merchandise and left the store. No offer of proof was tendered concerning the photographic identification to show any

impropriety in that regard. The court denied the motion, advising counsel it could be renewed during the trial.

Counsel did not renew the motion during the trial. No objection was made to Kern's in-court identification of defendant Edwards. The only reference in the testimony to the pretrial photographic identification was on cross-examination when counsel for Edwards asked how the witness knew Edwards' name and to which she replied that she might have learned his name from the police record or from pictures shown her, although she could not recall if there was a name at the time she identified him.

Bearing in mind that the ultimate evil to be avoided is that of misidentification, the Court is moved by the fact that in the instant case the record shows the witness Kern had excellent opportunity to observe and identify the defendant Edwards, and did, in fact, provide a thorough identification of that defendant prior to being shown the photograph. There is nothing in the record to suggest that misidentification is at issue herein. We find no merit to this argument.

 Defendants' third contention is based upon their argument that 1967 Perm. Supp., C.R.S. 1963, 40-5-2 (3), is unconstitutional in that it does not require a specific allegation of intent in an information or indictment for violation of this section. Specifically, the subsection under attack provides:

"(3) In every indictment or information charging a violation of this section, it shall be sufficient to allege that, on or about a day certain, the defendant committed the crime of theft by unlawfully taking a thing or things of value of a person or persons named in the indictment or information."

It is clearly within the province of the General Assembly to provide what elements of an offense must be set forth in an indictment or information. However, the ultimate test as set forth in *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968), is that an information is sufficient if it

advises a defendant of the charge he is facing. The Court cannot agree that the information in the instant case, being phrased pursuant to subsection 3 of 1967 Perm. Supp., C.R.S. 1963, 40-5-2, fails to meet that test.

The judgment is affirmed.

GEORGE M. MCNAMARA, District Judge,* participating.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY not participating.

_____
*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.