MR. JUSTICE DAY
delivered the opinion of the Court.
Defendant-appellant, hereinafter called defendant, was convicted of grand theft in the Adams County District Court.
On appeal from that judgment, defendant submits three points of alleged error. The first, concerning the instruction on presumption of innocence, was dealt with in Martinez v. People, 172 Colo. 82, 470 P.2d 26. Therein we disapproved the instruction, but held that the giving of it was not reversible error and that the decision was not retroactive. The second contention was that 1967 Perm. Supp., C.R.S. 1963, 40-5-2(3) is unconstitutional. This identical argument was advanced and answered in Edwards v. People, 176 Colo. 478, 491 P.2d 566, adverse to defendant’s position.
The third assignment of error concerns the admission into evidence of testimony elicited on cross-examination by the District Attorney concerning defendant’s parole violations. This point of error is without merit. The situation about which defendant complains arose when he testified in his own defense. Under direct examination, he volunteered the information that he had been convicted of one felony, to-wit: receiving stolen goods, and that he “paid for it” by serving seven years in the penitentiary. On cross-examination the District Attorney asked defendant if the seven years were continuous, to which question the defendant volunteered the information that he had been out of the State penitentiary for some parts of that time and that he was not returned for any other convictions but for parole violations.
The questions asked by the District Attorney were not objected to and the answers were freely given. The court was not asked to strike the testimony from the record or to admonish the jury to disregard it. The alleged error was not raised on motion for new trial. As we have said in numerous *388 cases and recently in People v. Vigil, 180 Colo. 104, 502 P.2d 418, the lack of contemporaneous objection at the time of the trial constitutes a waiver and the issue may not be raised on appeal.
The judgment is affirmed.