No. 26175

**The People of the State of Colorado v. William Lewis MacFarland**

(540 P.2d 1073)

Decided September 29, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

Defendant MacFarland appeals from a conviction of felony-theft in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[1] We affirm.

MacFarland and a confederate, John Treme, were jointly charged with felony-theft, burglary and two counts of conspiracy to commit each act. Immediately prior to trial, Treme successfully negotiated a plea bargain and was endorsed as a prosecution witness. The jury acquitted Mac-Farland of the burglary and conspiracy to commit burglary charges. (The

---

[1]Now section 18-4-401, C.R.S. 1973.

conspiracy to commit theft charge had been previously dismissed by the court.)

The evidence presented at trial reflects that MacFarland and Treme were involved in the theft of a television set, stereo tape deck and approximately one dozen cases of liquor from a West Glenwood, Colorado bar. The goods were transported in MacFarland's truck to a trailer occupied by Michael and William Shields. The Shields brothers assisted MacFarland and Treme in unloading and storing the stolen goods inside the trailer and in later disposing of them. The Shields and Treme subsequently testified on behalf of the prosecution.

## I.

Defendant's first assignment of error is that the trial court improperly denied his motion to dismiss. He points out that neither the theft count in the information nor the bill of particulars alleges the specific intent to permanently deprive the owner of the use of property; therefore, he contends that the elements of the crime of theft were not adequately specified.

The record indicates that during a motion hearing more than five weeks before the trial, defense counsel was advised by the prosecution that defendants would be tried under section 40-4-401(1)(b), which provides:

"(1) A person commits theft when he knowingly obtains or exercises control over any thing of value óf another without authorization, . . . and:

. . . .

"(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to *deprive such other person permanently of its use. . . ."* (Emphasis added.)

Defendant was thereby adequately apprised of the elements of the offense.

Furthermore, this court has consistently held that there is no requirement, either constitutional or statutory, that every element of an offense be alleged in the information. A charging document is sufficient if it advises a defendant of the charges he is facing so that he can adequately defend himself. *People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973) and cases cited therein.

We would further point out that the information in this case complied with the requirements of 40-4-401(6), which provides:

"In every indictment or information charging a violation of this section, it shall be sufficient to allege that, on or about a day certain, the defendant committed the crime of theft by unlawfully taking a thing or things of value of a person or persons named in the indictment or information. . . ."

An identically worded subsection of a prior theft statute (1967 Perm. Supp., C.R.S. 1963, 40-5-2(3)) withstood constitutional attack in *Edwards v. People*, 176 Colo. 478, 491 P.2d 566 (1971).

## II.

The defendant argues that he was denied equal protection of the law because the prosecution offered the Shields brothers immunity and allowed Treme to negotiate a plea bargain, while he was not afforded any

of these opportunities. For this reason, he maintains that the trial court improperly denied his motion to suppress the testimony of these witnesses. The argument lacks merit.

In determining whom to prosecute for criminal activity and on what charge, a prosecutor has wide discretion. *See Myers v. District Court*, 184 Colo. 81, 518 P.2d 836 (1974); *People ex rel. Dunbar v. Gym of America, Inc.*, 177 Colo. 97, 493 P.2d 660 (1972); *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969). The conscious exercise of selectivity in the enforcement of laws is not in itself a constitutional violation. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *State v. Hicks*, 213 Ore. 619, 325 P.2d 794 (1958). Equal protection is not denied absent a showing that a prosecutor has exercised a policy of selectivity based upon an unjustifiable standard such as race, religion or any other arbitrary classification. *Oyler v. Boles, supra; State v. Hicks, supra.* Furthermore, defendant has the burden of proving discriminatory prosecution. *United States v. Malinowski*, 472 F.2d 850 (3d Cir. 1973), *cert. denied*, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). Bald allegations of such practices hardly suffice.

### III.

We also reject defendant's contention that the trial court erred in granting the prosecution's motion for the endorsement of Treme as a witness on the morning that the trial was originally scheduled. Whether to allow a late endorsement of a witness is within the discretion of the trial court. Absent an abuse of such discretion, the ruling will not be disturbed on review. *People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972); *Ziatz v. People*, 171 Colo. 58, 465 P.2d 406 (1970).

The record reflects that along with granting the prosecution's motion, the trial court also granted defendant's motion for a continuance. Defendant was given an opportunity to interview and become familiar with the contents of Treme's testimony in advance of the trial. Thus, the defendant was not prejudiced and no error exists. *Raullerson v. People*, 159 Colo. 395, 412 P.2d 236 (1966).

### IV.

Finally, defendant moved for a mistrial because of certain remarks made by the prosecutor during his closing argument before the jury which he claimed resulted in a denial of his right to a fair trial. The trial court ruled that the argument in question was a fair comment on the evidence and denied the motion. The scope of closing argument is a matter addressed to the discretion of the trial court and we see no abuse thereof. *People v. Motley*, 179 Colo. 77, 498 P.2d 339 (1972).

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.