The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Beatrice Marie PADILLA, Defendant-Appellant.

No. 79CA0472.

Colorado Court of Appeals, Div. I.

March 12, 1981.

849749

draft had been forged, issued a second one to Perez, and recovered the funds paid to the supermarket. The criminal investigation which ensued led to filing of charges against Padilla. Following a jury trial, she was convicted of second degree forgery.

Padilla first attacks the sufficiency of the information, asserting that it did not give her adequate notice of the charges against her. We disagree.

To be legally sufficient, an information must be "sufficiently definite to inform the defendant of the charges against him so as to enable him to prepare a defense and to plead the judgment in bar of any further prosecutions for the same offense." *People v. Donachy*, 196 Colo. 289, 586 P.2d 14 (1978). Although an information substantially following statutory language generally is adequate, *Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972), mere recitation of the words of the statute may not be sufficient if they lack the specificity required to inform the defendant of the nature and cause of the accusation. *People v. Donachy, supra.*

Here the information read, in part:

"[T]he defendant, Beatrice Marie Padilla, with the intent to defraud another, did unlawfully, feloniously, and falsely forge, make, complete, and utter, which was and which purported to be, and which was calculated to become and to represent the draft or warrant issued November 28, 1977, in the sum of $835.72 by the State of Colorado State Compensation Insurance Fund, payable to and endorsed by John L. Perez and uttered and negotiated to Johnson's Market Inc., the victim, and otherwise affected a legal right, interest, obligation and status."

While inartfully drawn, the information substantially tracks the language of the second degree forgery statute, § 18–5–103, C.R.S. 1973 (1978 Repl.Vol. 8). And this statutory language has been held to meet the test of sufficiency in *Hatch v. Tinsley*, 143 Colo. 170, 352 P.2d 670 (1960). More importantly, by referring to the date the draft was issued, the sum, the drawee,

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, R. Michael Mullins, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Pena, Pena & Nieto, P.C., Arthur S. Nieto, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Beatrice Marie Padilla, appeals her conviction of second degree forgery, asserting, among other things, that the information was insufficient, and the second degree forgery statute is unconstitutional as applied to the facts of this case. We affirm.

On December 2, 1979, a woman cashed a draft for $835.72 at a supermarket. The payee was one John L. Perez and, purportedly, the draft bore his endorsement. When asked if she was his wife, the woman indicated that she was and, upon being asked to endorse the instrument, added the signature "Beatrice Perez."

Subsequently, John L. Perez contacted the State Workmen's Compensation Board, the drawer of the draft, claiming he had not received it or the proceeds. The board discovered that Perez' signature on the

the payee, and the place of utterance and negotiation, this information details the charge against Padilla with sufficient specificity to permit her to prepare her defense and to protect her from further prosecution for the same offense.

 Furthermore, Padilla has failed to demonstrate how she has been prejudiced, hampered, or surprised in preparation of her defense by the allegedly inadequate information, as is required if a conviction is to be reversed based on insufficiency of the information. *People v. Albo*, 195 Colo. 102, 575 P.2d 427 (1975). Because we have determined that the information was adequate, we conclude that it was proper to instruct the jury on second degree forgery.

Citing *People v. Vinnola*, 177 Colo. 405, 494 P.2d 826 (1972), Padilla asserts that the second degree forgery statute is unconstitutional as applied to her because it requires the exercise of a third party's discretion to create criminal liability. She argues that, because the board discovered the forged endorsement, informed the bank, and recovered funds paid out as a result of the forgery, it had the discretion to create criminal liability. We disagree.

Here the crime was completed when the draft was endorsed and tendered with the intent to defraud. Unlike *People v. Vinnola, supra*, where attachment of criminal liability for a bad check turned on whether the bank exercised its discretion to dishonor the draft for insufficient funds, the decision of a third party played no role in determining whether Padilla had committed second degree forgery.

Padilla's contention that she was entitled to a judgment of acquittal is without merit. And, by failing to raise a contemporaneous objection to cross-examination regarding prior bad acts and not including this assertion of error in her motion for new trial, Padilla has waived the opportunity to raise this issue on appeal. *People v. Routa*, 180 Colo. 386, 505 P.2d 1298 (1973).

Judgment affirmed.

COYTE and SMITH, JJ., concur.