Monica LEE and Jeff Blayer d/b/a High Gear, Plaintiffs–Appellees,

v.

James SMITH, in his official capacity as District Attorney for the County of Adams; Bert Johnson, in his official capacity as Sheriff for the County of Adams; Daniel Montgomery, in his official capacity as Chief of Police for the City of Westminster, Defendants–Appellants.

No. 87SA101.

Supreme Court of Colorado, En Banc.

April 17, 1989.

Michael W. Gross, Bradley J. Reich, Arthur M. Schwartz, Arthur M. Schwartz, P.C., Denver, for plaintiffs-appellees.

James Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for defendants-appellants.

MULLARKEY, Justice.

Adams County and Westminster law enforcement officials appeal from an order of the Adams County District Court which invalidated certain portions of the 1986 amendments to the Drug Paraphernalia Act (the Act), sections 12–22–503 to –505, 5 C.R.S. (1986 Supp.) enacted by House Bill 1024, Ch. 95, sec. 1–4, §§ 12–22–503 to –505, 1986 Colo. Sess. Laws 623–25. We conclude that the Act is not overbroad and, because we find that the Act provides adequate notice and sufficient standards of enforcement, we conclude that it is not void for vagueness. We reverse the district court and hold that the Act is constitutional.

## I. Background

The plaintiffs in this case are Monica Lee and Jeff Blayer d/b/a High Gear ("shop owners"), who operate a "tobacco shop" which sells various tobacco and herbal smoking accessories and novelties. On June 27, 1986, the shop owners filed a complaint for declaratory relief against the law enforcement officials and requested that the newly amended Act be declared unconstitutional on overbreadth and vagueness grounds. On cross-motions for summary judgment, the district court upheld the constitutionality of the definition of "drug paraphernalia" contained in section 12–22–502(2) and the shop owners have not appealed from this ruling. However, the court declared that the terms "reasonably should know" and "could" were unconstitutionally vague and overbroad as those words are used in sections 12–22–503(1)(d), 12–22–504(1) and 12–22–505.

The district court found that the Act's constitutional defects could not be cured without rewriting its provisions, and that such a rewriting was within the exclusive province of the legislature. The law enforcement officials appealed to this court pursuant to section 13–4–102(1)(b), 6A C.R.S. (1987).

The constitutionality of earlier versions of the Act was upheld with some modifications in *Hejira Corporation v. MacFarlane*, 660 F.2d 1356 (10th Cir.1981) and

*High Gear & Toke Shop v. Beacom*, 689 P.2d 624 (Colo.1984). As in *High Gear*, we will apply the United States Supreme Court's analytical framework for assessing pre-enforcement challenges to a statute as set forth in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Under *Flipside*, our first task is to examine the overbreadth claim by determining whether the Act "reaches a substantial amount of constitutionally protected conduct." 455 U.S. at 495, 102 S.Ct. at 1191. Then we will turn to a consideration of the vagueness argument.

## II. Overbreadth

■ The shop owners argue the statute is overbroad because it imposes criminal liability for possession of anything which *could* be used in conjunction with a controlled substance. They contend that the Act infringes on constitutionally protected activities and criminalizes innocent conduct.

We recognize the strong policy against applying the overbreadth doctrine in a facial constitutional challenge such as this one. *Broadrick v. Oklahoma*, 413 U.S. 601, 613–15, 93 S.Ct. 2908, 2916–18, 37 L.Ed.2d 830 (1973); *State v. Newman*, 108 Idaho 5, 11, 696 P.2d 856, 862 (1985); *Stoianoff v. State of Montana*, 695 F.2d 1214, 1218 (9th Cir.1983). An overbreadth analysis is employed appropriately where the legislation at issue affects constitutionally protected conduct, such as speech or assembly. *People v. Becker*, 759 P.2d 26 (Colo.1988); *People v. Chastain*, 733 P.2d 1206 (Colo.1987). Unlike the First Amendment claim that was argued in *High Gear*, the shop owners in this case do not contend that their commercial speech rights are affected and do not make out a First Amendment claim with respect to the disputed portions of the Act. *See Levas & Levas v. Village of Antioch*, 684 F.2d 446, 451 (7th Cir.1982). Shop owners and their customers have only a limited right to engage in retail sales, as the Supreme Court noted:

A retailer's right to sell smoking accessories, and a purchaser's right to buy and use them, are entitled only to minimal

due process protection.... Regulation of items that have some lawful as well as unlawful uses is not an irrational means of discouraging drug use.

*Flipside,* 455 U.S. at 498 n. 9, 102 S.Ct. at 1192 n. 9 (citations omitted).

Thus, we conclude that the law is not overbroad because it does not inhibit constitutionally protected conduct.

### III. Vagueness

■ Upon finding no overbreadth, the Supreme Court in *Flipside* instructs that we next examine the facial vagueness challenge. The void for vagueness doctrine protects against the lack of fair warning to potential offenders and the lack of adequate standards for enforcement of the law. *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *Hejira Corp. v. MacFarlane,* 660 F.2d at 1365; *Casbah, Inc. v. Thone,* 651 F.2d 551, 558 (8th Cir. 1981), *cert. denied* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982). Under the *Flipside* analysis, a statute is unconstitutional "only if the enactment is impermissibly vague *in all of its applications.*" *Flipside,* 455 U.S. at 495–96, 102 S.Ct. at 1191 (footnote omitted, emphasis added). In addition, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.; High Gear,* 689 P.2d at 628. Thus, in evaluating a facial vagueness claim, it is not appropriate for us to hypothesize possi-

ble innocent activities which would be prohibited by the Act until the possibility ripens into an actual prosecution. *See Note, The Constitutionality of Anti–Drug Paraphernalia Laws—The Smoke Clears,* 58 Notre Dame L.Rev. 833, 853 & n. 101 (1983). The shop owners are not prevented from attacking the Act in the event that it is enforced arbitrarily against them. *See Flipside,* 455 U.S. at 505, 102 S.Ct. at 1196–97; *Stoianoff,* 695 F.2d at 1222.

The level of scrutiny appropriate in evaluating this vagueness challenge is a less strict standard because the law in question involves economic regulation and implicates no First Amendment rights. *Flipside,* 455 U.S. at 498–99, 102 S.Ct. at 1193–94; *Parrish v. Lamm,* 758 P.2d 1356, 1366 (Colo. 1988); *High Gear,* 689 P.2d at 631. In addition to applying a less strict standard, we bear in mind the principle that "a statute enjoys a presumption of constitutionality" and the party challenging it has "the burden of proving its unconstitutionality beyond a reasonable doubt." *Parrish v. Lamm,* 758 P.2d at 1364; *see also Orsinger Outdoor Advertising, Inc. v. Department of Highways,* 752 P.2d 55, 61 (Colo. 1988); *People v. McBurney,* 750 P.2d 916, 920 (Colo.1988). Applying these principles to the challenged sections, we uphold the constitutionality of the Act.

### A.

■ The definition of drug paraphernalia set forth in section 12–22–502(2)[1] was up-

---

1. Section 12–22–502(2), 5 C.R.S. (1986 Supp.), provides:

"Drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of the laws of this state. "Drug paraphernalia" includes, but is not limited to:

(a) Testing equipment used, intended for use, or designed for use in identifying or in analyzing the strength, effectiveness, or purity of controlled substances under circumstances in violation of the laws of this state;

(b) Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances;

(c) Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from or in otherwise cleaning or refining marihuana;

(d) Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances;

(e) Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances;

(f) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances; or

held as constitutional by the trial court and the shop owners did not appeal this ruling. That definition is supplemented by section 12-22-503, entitled "Drug paraphernalia—determination—considerations," which provides a list of relevant factors for a court to consider in determining whether an object is drug paraphernalia. The 1986 amendments to the Act changed subsection (1)(d) of this section to provide that a court in its discretion may consider:

> Direct or circumstantial evidence of the knowledge of an owner, or of anyone in control of the object, or evidence that such person reasonably should know, that it will be delivered to persons who he knows or reasonably should know, could use the object to facilitate a violation of [the Control of Drug Paraphernalia Act].

§ 12-22-503(1)(d).

The shop owners contend that this subsection is impermissibly vague because it contains the language "reasonably should know" and "could use." We disagree.

As noted above, subsection (1)(d) is only one of a list of factors which a court may consider in conjunction with the definition of drug paraphernalia in section 502(2) to determine whether an item is drug paraphernalia. No single factor listed in section 503 is dispositive. Among the other factors listed for consideration are the proximity of the object to a controlled substance, residue of a controlled substance on the object, and instructional or advertising materials accompanying or describing the object. *See* § 12-22-503(1)(b), (c), (e), (f), and (g).

Subsection 503(1)(d) concerns the delivery of drug paraphernalia and permits the court to consider, under the direct and circumstantial evidence presented, whether a reasonable person would know that the item delivered is drug paraphernalia. This subsection allows the court in deciding whether the item involved is drug paraphernalia to consider the objective characteristics of both the item sold and the transaction. Use of an objective test to define drug paraphernalia is not unconstitutionally vague under *Flipside,* 455 U.S. at 501, 102 S.Ct. at 1194-95, and *High Gear,* 689 P.2d at 632. *See also People v. Moore,* 674 P.2d 354, 357 (Colo.1984) (construing Counterfeit Controlled Substances Act "to refer to the significance that a reasonable person would attribute to the physical characteristics of the substance obvious to a prospective purchaser"). Accordingly, we reject the shop owners' argument.

### B.

■ The shop owners also challenge on vagueness grounds section 12-22-504 which defines the offense of possession of drug paraphernalia, and section 12-22-505 which defines the offense of manufacture, sale, or delivery of drug paraphernalia. Possession of drug paraphernalia, a class 2 petty offense, is defined in section 12-22-504 as follows:

> A person commits possession of drug paraphernalia if he possesses drug paraphernalia and knows or reasonably should know that the drug paraphernalia could be used under circumstances in violation of the laws of this state.

The manufacture, sale, or delivery of drug paraphernalia is a class 2 misdemeanor and is defined in section 12-22-505 as follows:

> (g) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marihuana, cocaine, hashish, or hashish oil into the human body, such as:
> (I) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;
> (II) Water pipes;
> (III) Carburetion tubes and devices;
> (IV) Smoking and carburetion masks;

> (V) Roach clips, meaning objects used to hold burning material, such as a marihuana cigarette that has become too small or too short to be held in the hand;
> (VI) Miniature cocaine spoons and cocaine vials;
> (VII) Chamber pipes;
> (VIII) Carburetor pipes;
> (IX) Electric pipes;
> (X) Air-driven pipes;
> (XI) Chillums;
> (XII) Bongs; or
> (XIII) Ice pipes or chillers.

Any person who sells or delivers, possesses with intent to sell or deliver, or manufactures with intent to sell or deliver equipment, products, or materials knowing, or under circumstances where one reasonably should know, that such equipment, products, or materials could be used as drug paraphernalia commits a class 2 misdemeanor....

The shop owners claim that these sections are unconstitutionally vague because they lack a culpable mental state. Contrary to this assertion, we believe that the statutes can be interpreted in a constitutional manner. As in *Moore*, 674 P.2d 354, we construe these crimes as requiring a culpable mental state of "knowingly." Under section 18-1-501(6), 8B C.R.S. (1986), "knowingly" indicates a general intent crime and "knowingly" is defined as follows:

A person acts "knowingly" ... with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly" ... with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

Thus, we read sections 504 and 505 as requiring the culpable mental state of "knowingly" with respect to the use of the paraphernalia. That is, a defendant must be aware that the paraphernalia "is practically certain" to be put to an illegal use in connection with a controlled substance. Our construction employs a standard of actual knowledge that is consistent with the statutory definition of "knowingly" in section 18-1-501(6) and gives meaning to the statutory term "could be used." This construction avoids any vagueness problems.

To summarize, the elements of possession of drug paraphernalia under section 12-22-504 are: (1) possession; (2) of drug paraphernalia; (3) with knowledge that the paraphernalia is practically certain to be put to an illegal use in connection with a controlled substance. Section 12-22-505 requires the following elements: (1) a sale or delivery, or possession with intent to sell or deliver, or manufacture with intent to sell or deliver; (2) equipment, products or materials; (3) with knowledge that the items so sold or delivered, or so possessed with intent to sell or deliver, or so manufactured with intent to sell or deliver, are practically certain to be used as drug paraphernalia.

The shop owners have not met their burden of proving the unconstitutionality of the 1986 amendments to the Act beyond a reasonable doubt. The judgment of the district court is reversed and the case is remanded with directions to enter judgment for the defendant law enforcement officials.