**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Shirley Ann KURZ, Defendant–Appellant.**

**No. 91CA0338.**

Colorado Court of Appeals, Div. III.

Sept. 24, 1992.

As Modified on Denial of Rehearing Oct. 29, 1992.

Certiorari Denied March 15, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathy Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Shirley Ann Kurz, appeals the judgment of conviction entered on a jury verdict finding her guilty of unlawfully possessing and selling cocaine and unlawfully conspiring to sell cocaine. We affirm.

According to the prosecution, in March 1990, defendant sold cocaine to an undercover police officer, and as a result, the charges here at issue were lodged.

Defendant filed a motion to dismiss for selective prosecution, claiming that her constitutional rights to equal protection and due process were violated because the officer did not report and the state did not prosecute women who provided the officer with cocaine and engaged in sexual relations with him, persons who had provided the officer with cocaine but were the officer's personal friends, and persons with whom the officer had used cocaine. The trial court denied defendant's motion, and the conviction here at issue followed.

I.

Defendant first contends that error occurred because the information charged her with conspiring with a specific person, but the prosecution's evidence introduced at trial created a possibility that she had conspired with another person or persons. According to defendant, since the jury instruction defining conspiracy did not identify that same person as the individual with whom defendant allegedly conspired, she was denied her right to be informed of the nature and cause of the accusations against her. We disagree.

Defendant failed to object to the instruction. Thus, reversal is warranted only upon a showing of plain error. *See People v. Quintana*, 701 P.2d 1264 (Colo. App.1985).

Plain error exists if, after reviewing the entire record, it is evident that the error "so undermined the fundamental fair-

ness of the trial as to cast serious doubt on the reliability of the judgment of conviction." *People v. McClure*, 779 P.2d 864 (Colo.1989).

■ All of the court's instructions to the jury are to be read and considered as a whole in determining whether the necessary law has been correctly stated to the jury. *Brunner v. Horton*, 702 P.2d 283 (Colo.App.1985).

■ Instruction two informed the jury, in relevant part:

The People also allege ... that ... the defendant did commit the crime of conspiracy with [named person] to sell or possess cocaine.

The jury was also instructed that it should find defendant guilty of conspiracy to possess or sell cocaine if it decided that the prosecution proved the following elements beyond a reasonable doubt:

1. That Shirley Ann Kurz,

2. in the State of Colorado,

3. at or about the date and place charged,

4. with the intent to promote or facilitate the commission of the crime of unlawful possession or sale of cocaine,

5. agreed with another person or persons that they, or any one or more of them, would engage in conduct which constitutes the crime of unlawful possession or sale of cocaine, or an attempt to commit that crime, and,

6. the defendant, or a person with whom the defendant conspired, has performed an overt act in furtherance of such a conspiracy,

7. without the affirmative defenses in Instruction Nos. 21 and 22....

This instruction tracks the language of § 18–2–201, C.R.S. (1986 Repl.Vol. 8B) and *COLJI–Crim.* No. 8:02 (1983). Initially, we note that the standard jury instruction does *not* require that the alleged co-conspirator be specifically named.

Here, reading the instructions as a whole, we conclude that the jury was properly instructed of the elements of conspira-

cy and that there was no reasonable probability that defendant was convicted of an offense for which she was not charged. *See People v. Wilson*, 791 P.2d 1247 (Colo. App.1990) (an elemental instruction in the language of the statute is usually sufficient to advise the jury of the nature of the offense).

## II.

Next, defendant contends that the trial court erred in denying her motion to dismiss for selective prosecution. Again, we disagree.

■ In her motion to dismiss, defendant alleged:

[*The officer*] deliberately chose to report and prosecute some but not every individual from whom he obtained controlled substances, and that the selection of individuals to report and prosecute was deliberately based upon unjustified and discriminatory classifications....

[*The officer's*] choices of whom to report and prosecute was motivated by a discriminatory purpose and had a discriminatory effect. (emphasis added)

Thus, the defendant asserts that the officer engaged in arbitrary or discriminatory classifications by failing to report the drug activities of his friends or his own alleged drug activities, but she does not allege that the *prosecutor* was aware of the officer's alleged malfeasance or that the *prosecutor* engaged in selective prosecution.

■ The decision to prosecute is within the exclusive province of the district attorney. Colo. Const. art. VI, § 13. A district attorney has wide discretion in determining who to prosecute for criminal activity and on what charge. *People v. MacFarland*, 189 Colo. 363, 540 P.2d 1073 (1975).

■ The conscious exercise of some selectivity is not in itself a constitutional violation unless the selection is based upon an unjustifiable standard such as race, religion, or any other arbitrary classification. *See People v. Thorpe*, 641 P.2d 935 (Colo. 1982). Moreover, the fact that some people

escape prosecution under a statute is not a denial of equal protection unless selective enforcement of the statute is intentional or purposeful. *May v. People,* 636 P.2d 672 (Colo.1981).

 A defendant has the burden of establishing discriminatory prosecution. Mere allegations of such practices do not suffice. *People v. MacFarland, supra.*

A defendant must show the selective prosecution had a discriminatory effect and was motivated by a discriminatory purpose. *See Wayte v. U.S.,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Once a defendant has made a *prima facie* showing of selective prosecution, "the burden of going forward with proof of nondiscrimination" shifts to the government. *See U.S. v. Haggerty,* 528 F.Supp. 1286 (D.Colo.1981).

In the court's minute order, it stated: This motion has been submitted by the parties with the understanding that the Court would assume, for purposes of ruling on this motion, that the allegations are true. Assuming then that [the officer] has not reported the drug activities of his friends, sexual partners or drug using companions, has there been constitutionally prohibited selective prosecution?

... [I]t is clear from the cases the *Defendant must show* that others similarly situated generally have not been prosecuted and that *the prosecution here is selective,* invidious, in bad faith or based on impermissible considerations such as race, religion or the defendant's exercise of some constitutional right.

Here accepting as true the Defendant's claim, the Defendant has still failed to show [any selective prosecution]. (emphasis added)

The trial court correctly noted that the acts of selective prosecution must have been made by the prosecutor. *See Lucero v. Goldberger,* 804 P.2d 206 (Colo.App. 1990) (promise of leniency by police officer not enforceable since it was not authorized by district attorney).

Here, as in *Lucero v. Goldberger,* the defendant has failed to allege that the pros-

ecutor, by words or conduct, either explicitly or implicitly authorized the police officer to engage in the illegal activities claimed by defendant. Nor have we found any other cases in which courts have found selective prosecution, absent knowledge of illegal activities by the prosecutor. *See May v. People, supra; U.S. v. Johnson,* 577 F.2d 1304 (5th Cir.1978). *Cf. U.S. v. Steele,* 461 F.2d 1148 (9th Cir.1972); *U.S. v. Kahl,* 583 F.2d 1351, 1353 (5th Cir.1978).

We therefore conclude, as did the trial court, that even if defendant's allegations are assumed to be true, her motion to dismiss failed to allege selective prosecution by the prosecutor and was properly denied.

We find defendant's final contention of outrageous governmental conduct without merit.

The judgment is affirmed.

SMITH and CRISWELL, JJ., concur.