The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Walter Brice STEVENSON, Jr.,
Defendant–Appellant.

No. 92CA1745.

Colorado Court of Appeals,
Div. III.

Jan. 13, 1994.

Rehearing Denied Feb. 17, 1994.

Certiorari Denied Sept. 19, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Walter Stevenson, Jr., appeals from a judgment entered after he was found guilty in a bench trial of criminal possession of four financial transaction devices. We affirm.

Defendant attempted to use a stolen credit card to repay a personal loan he owed to a bar and was arrested after the bar manager received notification that the offered card had been stolen. Upon his arrest, he was found to be in possession of three additional stolen credit cards and three drivers' licenses issued to the owners of three of the stolen credit cards.

Defendant was charged with unauthorized use of a single financial transaction device and with unlawful possession of four financial transaction devices. He was convicted of the

lesser included offense of attempted unlawful use of a single device and of unlawful possession of four financial transaction devices. He appeals only the latter felony conviction.

Section 18–5–703(1), C.R.S. (1986 Repl.Vol. 8B) provides:

A person commits criminal possession of a financial transaction device if he has in his possession ... any financial transaction device, with the intent to defraud, or ... which he knows or reasonably should know to be lost, stolen, or delivered under a mistake as to the identity or address of the account holder.

The original information charging defendant with unlawful possession of four transaction devices substantially followed the language of the statute but stated the knowledge and intent elements in the conjunctive rather than the disjunctive. Prior to trial, over the objection of defense counsel, the district attorney was granted leave to amend the charge by deleting the words "with intent to defraud."

Defendant argued at trial and now contends on appeal that the trial court erred in granting the motion to amend. He also contends that § 18–5–703(1) is unconstitutional both facially and as applied in this case. We disagree.

■ Defendant first argues that the deletion of the words "with intent to defraud" from the charge resulted in his being subjected to prosecution for conduct not defined as criminal in the statute. We disagree.

Section 18–5–703(1), couched in disjunctive language, provides that the defined offense may be committed either by possessing a device with intent to defraud or by possessing a device knowing or having reason to know it has been lost, stolen, or misdelivered under a mistake. Hence, the first alternative is a mental culpability offense, while the second is a strict liability offense requiring only the commission of the voluntary act of knowingly possessing a device "for a sufficient period to have been able to terminate [possession]." Section 18–1–501(9), C.R.S. (1986 Repl.Vol. 8B); see also § 18–1–502, C.R.S. (1986 Repl.Vol. 8B).

Consequently, the court did not err in granting leave to the prosecution to amend the information to charge only the strict liability alternative under the statute. And, the amended charge was sufficient to apprise defendant of the nature and elements of the charged offense and the conduct upon which the charge was based. See Edwards v. People, 176 Colo. 478, 491 P.2d 566 (1971).

We also reject defendant's arguments that the statute is unconstitutionally overbroad and vague.

■ A statute may be challenged for overbreadth only if it inhibits constitutionally protected fundamental rights or criminalizes innocent conduct. Lee v. Smith, 772 P.2d 82 (Colo.1989).

■ Here, defendant does not argue, nor do we perceive, that possession of a stolen credit transaction device is either a fundamental right or constitutionally protected conduct. Hence, the law is not facially overbroad.

■ Similarly, the statutory scheme adequately defines the strict liability alternative of unlawful possession of a financial device in a manner that allows persons of reasonable intelligence to distinguish between lawful and unlawful conduct. See Lee v. Smith, supra.

A person who finds a lost or stolen credit device commits no crime in temporarily taking it into possession for delivery to its lawful owner or other appropriate authority. Possession becomes criminal only if the actor is aware that the device is lost, stolen, or misdelivered and voluntarily maintains possession "for a sufficient period to have been able to terminate it." See § 18–1–501(9).

Here, according to defendant's testimony, he found three of the credit cards and drivers' licenses in a parking lot on a Thursday night. He testified that the fact that cards belonging to three different people were bundled together led him to believe they were stolen at the time he picked them up. Nevertheless, he kept them in his possession until he was arrested for attempting to use a fourth stolen card on the following Saturday night. And, no evidence was presented that he attempted to contact the owners of the

credit cards, the issuing companies, or other appropriate law enforcement authorities during that period. Nor is there any evidence that defendant otherwise attempted to divest himself of possession of the devices by any other lawful means. Further, the trial court, acting as the fact-finder, expressly found defendant's explanation concerning the manner of his acquisition of the fourth card to be incredible and "impossible to believe."

Upon this evidence, we perceive no unconstitutional vagueness in the way defendant was charged and convicted here.

The judgment is affirmed.

METZGER and PLANK, JJ., concur.