## No. 20926.

Louis Arthur Martinez *v.*
The People of the State of Colorado.
(399 P.2d 415)

Decided March 1, 1965.     Rehearing denied March 15, 1965.

JOHN J. GAUDIO, ROBERT W. CADDES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

By direct information Martinez was charged with so-called aggravated robbery, and in a separate count with conspiracy to commit the same. To these charges Martinez pled not guilty and trial by jury ensued. The jury adjudged Martinez guilty of both offenses and he was then sentenced to a term of from eight to ten years in the state penitentiary for aggravated robbery, and a term of from three to six years on the conspiracy charge, said sentences to be served consecutively and not concurrently.

By writ of error Martinez now seeks reversal of this judgment and as grounds therefor he urges the following:

1. the affidavit in support of the information was defective;

2. the evidence was insufficient to support the verdict; and

3. the trial court erred in failing to instruct the jury as to the nature and effect of circumstantial evidence.

The two count information was supported by affidavit of one Rose Hyatt, who upon oath declared "that the

facts stated in the foregoing information hereto attached are true and that the offense therein charged was committed of this affiant's own personal knowledge." As trial was about to begin Martinez orally moved to dismiss the information and as ground therefor pointed out that the information charged two separate and distinct crimes, i.e. robbery and conspiracy, whereas the affidavit referred only to an "offense," and not "offenses." The trial court denied this motion with considerable dispatch, apparently being unimpressed with this rather super-technical argument. We, too, are of the view that this motion is not well-founded.

■ In this regard Martinez relies on Rule 7(b)(3) (iii), Colo. R. Crim. P., which states, *inter alia,* that "the court shall authorize a direct information only if . . . . [it be supported by] the affidavit of some credible person competent to testify in the case stating that the affiant's personal knowledge that the offense was committed . . . ." We suggest that even though the affidavit used the word "offense" rather than "offenses," it nonetheless constitutes compliance — certainly substantial compliance — with the foregoing rule. It is observed that the affiant declared that the facts stated in the "foregoing information hereto attached are true" and there is no dispute but that these "facts" were legally sufficient to charge both robbery and conspiracy. In any event, attention is directed to C.R.S. '53, 39-7-17 which provides, *inter alia,* "no indictment or information shall be deemed insufficient . . . . by any defect which does not tend to prejudice the substantial rights of the defendant on the merits." We regard this statute as an additional and further answer to the contention here advanced by Martinez that the affidavit of Rose Hyatt is defective and therefore insufficient.

■ Proceeding then to a consideration of Martinez' second contention, our review of the record convinces us that there is much evidence to support the jury's de-

termination that Martinez was one of three persons who robbed Rose Hyatt. To demonstrate this, we would review the incriminating evidence adduced upon trial, but only briefly. Rose Hyatt, a grocery store owner, testified that three persons robbed her at gunpoint of some $1,500 taken from the cash register, and an additional $50 from her handbag. She also testified that her coin purse was taken by one of the three assailants, though she was unable to identify Martinez as one of the robbers since all wore stocking masks.

A passing motorist saw three persons run out of the store, with Rose Hyatt running after them shouting "robbery." The motorist followed the three down an alley and saw them get into a "1954 or 1955 tan Ford with a green temporary sticker on the rear windshield."

The robbers quickly "lost" the motorist. The motorist, however, hailed a passing patrol car and reported to the policeman, who in turn promptly broadcast by radio the fact of the robbery and a description of the car.

Moments later, in the same general neighborhood, another police officer heard the broadcast of the robbery and noticed a car coming at a high rate of speed. The officer gave chase, lost the car momentarily and then located it, abandoned in a vacant lot. The car was a 1954 tan Ford with no license plates, only a green temporary sticker on the rear windshield. A subsequent search of the car revealed a large amount of currency and some guns. Upon locating this car, the officer immediately searched the neighborhood, and about two blocks away espied Martinez, running at a "dogtrot." Martinez was placed under arrest and a search of his person disclosed Mrs. Hyatt's coin purse in his coat pocket. All of the foregoing events took place in a comparatively short time to the end that Martinez was arrested about fifteen minutes after the robbery and, as noted above, in the same general neighborhood. Martinez declined to make any statement to the police authorities and upon trial he

384

also declined to avail himself of his statutory right to testify in his own behalf. C.R.S. '53, 39-7-15.

■ In our view the foregoing recital amply demonstrates that there is sufficient evidence to support the jury's finding that Martinez was one of the three who robbed Mrs. Hyatt. Recent and unexplained possession of the fruits of a robbery can be a very incriminating circumstance and such fact, coupled with the other related facts and circumstances in the instant case, are deemed sufficient to support the verdict. See *Cruz v. People,* 147 Colo. 528, 364 P.2d 561.

■ Finally, it is urged that the trial court erred in its failure to give an instruction as to the nature and effect of circumstantial evidence. In this regard the record affirmatively reveals that upon trial counsel for Martinez specifically approved the instructions which were in fact given the jury and furthermore that counsel stated he had no additional instructions, which he desired to be given the jury. Martinez' counsel was quite competent, and it may well have been part of his trial strategy that there be no instruction regarding circumstantial evidence, inasmuch as said instruction informs the jury, *inter alia,* that it may indeed convict upon circumstantial evidence alone. Under the circumstances here disclosed, we are disinclined to reverse the judgment because of the failure of the trial court to instruct the jury on circumstantial evidence, no such instruction having been sought by the defendant himself. See *Mickens v. People,* 148 Colo. 237, 365 P.2d 679.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.