No. 25237

# The People of the State of Colorado v. Terry Lee Ingersoll
(506 P.2d 364)

Decided February 13, 1973.

1

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Allan I. Lipson, Deputy, for defendant-appellant.

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant Terry Lee Ingersoll was charged and found guilty of felony theft. 1967 Perm. Supp., C.R.S. 1963,

40-5-2. After sentence, the defendant filed a motion in arrest of judgment, claiming that he was not advised of the nature and cause of the accusation, rights guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 16 of the Colorado Constitution.

The trial court denied the motion. The ruling was correct, so we affirm.

 The defendant concedes that the offense was charged in the language of the statute as permitted by 40-5-2(3), 1967 Perm. Supp., C.R.S. 1963. But, contends the defendant, since *proof of specific intent* is an essential element of the offense, the *specific intent* must be alleged in the charging document.

We dealt with the constitutionality of this statute in *Edwards v. People,* 176 Colo. 478, 491 P.2d 566 (1971), and held, in accordance with *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968), that the information is sufficient if it advises a defendant of the offense with which he is charged. In *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368 (1961), we said that an information is sufficient

"if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense. *Johnson v. People,* 110 Colo. 283, 133 P.2d 789; *People v. Warner,* 112 Colo. 565, 151 P.2d 975."

 The offense of theft when charged as provided in 1967 Perm. Supp., C.R.S. 1963, 40-5-2(3), also sufficiently advises the jury of the *nature* of the offense for which the defendant is on trial, *Wright v. People,* 116 Colo. 306, 181 P.2d 447 (1947). There is no requirement, either constitutional or statutory, that every *element* of the offense be alleged in the information, although the several *elements* (such as specific intent) must, of course, be proved on the trial. The jury is apprised of the requirements as to the proof of the several *elements* of the offense charged through the court's instructions. *See People v. Butcher,* 180 Colo. 430, 506 P.2d 362.

Where, as here, the offense charged may be committed in alternative ways, the defendant may require the prosecution to state the particular manner in which he committed the offense by filing a motion for a bill of particulars. Crim. P. 7(f). This suggests that the better practice for district attorneys would be to plead the offense with greater particularity in the first instance.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.