## No. 25900

## The People of the State of Colorado v. James F. Apple
(526 P.2d 311)

Decided September 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Michael F. Morrissey, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

James F. Apple was convicted of vehicular homicide and vehicular assault. The only significant issue presented on this appeal is the effect of the lack of a specific finding at the conclusion of an *in camera* hearing that the defendant's statements were voluntary. We affirm the conviction.

This case arose out of a hit-and-run automobile accident in which one person was killed and one was injured. The primary issue at trial was whether defendant or one of his companions was the driver of the automobile which caused the accident. Shortly after the defendant was apprehended, and advised of his rights, he stated that he was the driver of the automobile.

As required by *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the trial court held an *in camera* hearing. At the conclusion of the hearing, the trial court found that the defendant had been advised of his rights, including his right to remain silent, and that after this advisement, defendant had made the incriminating statement. The court also found that a later statement made at the county jail was after full advisement of rights. Although the trial judge did not make a specific finding that the statements were "voluntary," the findings clearly indicate that the defendant's statements were voluntary.

In *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), the Supreme Court determined that the trial judge need not make formal findings of fact or write an opinion, but his conclusion that the confession is voluntary must appear from the record "with unmistakable clarity."

Defendant-appellant relies on *Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971), in which this court remanded for an evidentiary hearing because the trial court had failed to make any findings from the evidence, but had merely ruled that the statement was admissible. This failed to

satisfy the requirements of *Jackson* and *Sims, supra.* In *Martinez,* the trial court made no findings. In contrast, the trial court here made extensive findings, and although it did not use the word "voluntary," a rational reading of the findings indicates with unmistakable clarity that it had determined that the statements made by defendant were voluntary. *Cf. People v. Gilmer,* 182 Colo. 96, 511 P.2d 494 (1973).

Because the trial court made detailed and extensive findings from which voluntariness is implicit, reversal of its judgment and a remand for further proceedings is not justified in the case at bar.

It should be reiterated, however, that the preferred practice is for the trial judge to make "clear and explicit findings as to the voluntariness of the confession at the conclusion of the *in camera* hearing." *Reed v. People,* 174 Colo. 43, 482 P.2d 110 (1971).

The judgment is affirmed.