### No. 27601

## The People of the State of Colorado
## v. Joe Pete Albo, a/k/a Pete Cruz

(575 P.2d 427)

Decided March 6, 1978.

J. D. MacFarlane, Attorney General, David A. Robbins, Deputy, Edward G. Donovan, Solicitor General, Sharon S. Metcalf, Assistant, for plaintiff-appellee.

Al H. Haas, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant-appellant was convicted by a jury of first-degree sexual assault. On appeal, the central issue is interpretation of the first-degree sexual assault statute. Section 18-3-402(1)(b), C.R.S. 1973 (1976 Supp.), provides that a person who inflicts sexual penetration on a victim commits sexual assault in the first degree if:

"(b) The actor causes submission of the victim by threat of imminent death, serious bodily injury, extreme pain, or kidnapping, to be inflicted on anyone, and the victim believes that the actor has the present ability to execute these threats;"

The defendant asserts that the term "extreme pain," as set forth in the first-degree sexual assault statute, is unconstitutionally vague and overbroad. As further grounds for reversal, the defendant contends that the information fails to charge an offense and that the prosecution failed to produce evidence which would sustain a conviction. We affirm.

## I.
## The Facts

The victim in this case was a twenty-year-old waitress who lived with friends in a duplex in Durango. On the night of the alleged rape, she arrived home from work at approximately 10:30, and shortly thereafter she retired. At approximately 2:00 a.m., she was awakened by strange noises. She called out to determine whether it was one of the other occupants of the duplex and received an affirmative response. The intruder then entered her room and advised her that he was not going to rape her. The victim asked the intruder to leave and said that she didn't want to get hurt and didn't like pain. At that point, the defendant told her to move over and he would show her some pain. The victim was threatened with something that the defendant had around his waist and which emitted clicking sounds. She submitted to sexual intercourse and pretended to enjoy it, in an attempt to avoid the infliction of pain or injury. After intercourse, the defendant remained in bed with her and tried to arrange a meeting on another occasion. He then dressed and left.

The victim promptly reported the incident to the police, underwent a medical examination, and gave a full statement and description of the defendant. The police investigation produced a fingerprint on a window adjacent to the victim's room, which had been used to obtain entrance. The victim's description and the fingerprint provided a basis for the defendant's identification. The police saw the defendant on the following morning outside the police station wearing basically the same clothes which the victim asserted the defendant was wearing when he entered her bedroom.

## II.
## "Extreme Pain"

■ The term "extreme pain" is not so vague or overbroad as to render the first-degree sexual assault statute unconstitutional. Section 18-3-402(1)(b), C.R.S. 1973 (1976 Supp.), includes threat of "extreme pain"

as a measure of criminal conduct and as a gauge for determining whether the threat was the cause for the victim's submission to sexual intercourse.

In reviewing a constitutional challenge of a statute, we initially presume that the statute is constitutional. The defendant, in asserting his claim that the statute is unconstitutional, has the burden of proving unconstitutionality beyond a reasonable doubt. *Howe v. People*, 178 Colo. 248, 496 P.2d 1040 (1972). To determine whether the statute is unconstitutionally vague, we employ the well-established test which was set out in *People v. Gonzales*, 188 Colo. 272, 534 P.2d 626 (1975):

"[I]f the statute gives a fair description of conduct forbidden, and men of common intelligence can readily understand the meaning and application of the statute, then it will not be held to be unconstitutionally vague; conversely, if the statute is so vague that men of common intelligence must guess at its meaning and application, then it must be held invalid in violation of the constitutional requirements of due process."

*See also People v. Garcia*, 189 Colo. 347, 541 P.2d 687 (1975).

The defendant's actions were clearly within the scope of conduct which the legislature intended to proscribe by statute. The statutory language here follows Section 213.1(1)(a) of the *American Law Institute's Model Penal Code.*

A similar term was in issue in *Ramirez v. State*, 518 S.W.2d 546 (Tex. Crim. App. 1975), where the Texas Court of Criminal Appeals, in considering the Texas aggravated assault statute, upheld the use of the term "physical pain" in the statutory definition of "bodily injury." The vagueness and due process arguments in *Ramirez* focused on the issue of whether pain is totally subjective and indeterminable. The Texas court recognized that "physical pain" is a term in common usage and that an ordinary person could determine what condut to avoid. Comparable language was also upheld against vagueness attacks which were directed at two child abuse statutes. *Compare Campbell v. State*, 240 S.2d 298 (Fla. 1970), *appeal dismissed for want of a substantial federal question*, 402 U.S. 936, 91 S.Ct. 1634, 29 L.Ed.2d 105 (1971) ("excessively chastised") *with State v. Samter*, 4 Or. App. 349, 479 P.2d 237 (1971) ("cruelly mistreats and maltreats").

The term "extreme pain" is one of ordinary and not technical usage. It was well within the jury's competence to determine whether the defendant here made the threats which were proscribed in the first-degree sexual assault statute.

### III.
### Sufficiency of the Information

The defendant contends that the information failed to set forth the essential elements of first-degree sexual assault. His argument is based on the claim that, although the information is worded substantially in the language of the statute, the charge does not specify *on whom* the threat-

ened extreme pain was to be inflicted. The information states that the defendant did "cause the submission of the said victim by threat of extreme pain. . . ." The contention is not sound.

The requisites of an information which are in issue here are set forth in Section 16-5-202(1)(d), C.R.S. 1973, and Crim. P. 7(b)(2)(IV). The offense must be "set forth with such degree of certainty that the court may pronounce judgment upon a conviction." An information is sufficient if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense. *People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973); *Ciccarelli v. People*, 147 Colo. 413, 364 P.2d 368 (1961).

Technical defects in an information do not require reversal unless the substantial rights of the defendant are prejudiced. *People v. Bergstrom*, 190 Colo. 105, 544 P.2d 396 (1975); *Martinez v. People*, 156 Colo. 380, 399 P.2d 415 (1965), *cert. den.* 382 U.S. 866, 86 S.Ct. 134, 15 L.Ed.2d 104 (1965). The defendant is entitled to reversal if he was prejudiced, surprised, or hampered in his defense. *Cortez v. People*, 155 Colo. 317, 394 P.2d 346 (1964).

No prejudice was shown. The sole issues at trial were (1) whether threats had been made, and (2) whether the victim consented to intercourse.

### IV.
### Denial of Motion for Judgment of Acquittal

When the evidence in the record is examined in the light most favorable to the prosecution, it is clear that the evidence was sufficient to create a jury issue and to support the jury's verdict. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

In this case, both the defendant and the victim testified. The defendant's statement to the police was found to be voluntary and was admitted into evidence after a proper *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) hearing. *Accord Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *People v. Apple*, 186 Colo. 180, 526 P.2d 311 (1974).

The issue relating to the threats which the defendant made to the victim and the question of consent to intercourse were for the jury to determine. *People v. Adkins*, 181 Colo. 177, 508 P.2d 377 (1973).

The remaining issues on appeal do not require discussion.

Accordingly, we affirm.

MR. JUSTICE LEE does not participate.