**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Mark HUNTER, Defendant-Appellant.**

**No. 82SA383.**

Supreme Court of Colorado, En Banc.

July 18, 1983.

---

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Charles Kaiser, Ilene P. Buchalter, Deborah S. Waldbaum, Thomas M. VanCleave, III, Deputy State Public Defenders, Denver, for defendant-appellant.

NEIGHBORS, Justice.

The defendant appeals the judgment entered by the district court after the jury returned its verdicts finding him guilty of driving after judgment prohibited in violation of section 42–2–206, C.R.S.1973, and four misdemeanor traffic offenses.

The defendant urges three grounds for reversal: (1) The trial court failed to instruct the jury that knowledge of the revo-

cation order is an element of the driving after judgment prohibited offense. (2) The information is defective because it fails to conclude that the offenses were committed "against the peace and dignity of the People of the State of Colorado." (3) The information is defective because the name of the victim is not alleged in counts 2 through 4.

## I.

The evidence at trial established the following facts. On July 30, 1979, the victim, Christina Wagner, was in the crosswalk at the intersection of Nevada, and Vermijo Streets in downtown Colorado Springs when she, was struck by a pickup truck. The driver of the vehicle did not stop.

Janet Thompson had stopped her car in a left turn lane on Nevada Avenue preparing to turn west on Costilla Street which is approximately one block south of Vermijo Street. Mrs. Thompson's husband, Dell, was a passenger in her car. Mrs. Thompson saw the pickup strike the 15-year-old victim. Mr. Thompson observed Ms. Wagner lying in the roadway after she had been struck by the truck. The Thompsons decided to follow the truck after it did not stop. Mrs. Thompson made a U-turn and followed the pickup until it stopped in the parking lot of an automotive supply store. The Thompsons obtained the license number of the vehicle and saw the defendant come out of the store and get into the pickup. The Thompsons returned to the scene of the accident and provided investigating officers with the information they had gathered.

The defendant was present at the hearing held by the Department of Revenue (Department) on August 10, 1976, at which he was adjudicated an habitual traffic offender and his driver's license was revoked for five years. At the conclusion of the hearing, he received a copy of the Department's order of revocation. After the defendant was arrested for the current charges, he admitted to the investigating police officer that he knew his license was under revocation at the time he struck Ms. Wagner.

## II.

The defendant's first argument is that the trial court erred when it failed to instruct the jury that knowledge of the revocation order is an element of the driving after judgment prohibited charge. However, the defendant did not contest the evidence that he was personally served with a copy of the revocation order. In addition, he admitted to the investigating officer that he knew his driver's license had been revoked. Since the defendant did not raise the issue in the trial court by a contemporaneous objection to the incomplete instruction or in his motion for a new trial, he waived any error. The failure of the trial court to instruct on the knowledge element did not prejudice the substantial rights of the defendant. *See People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972).

## III.

Article VI, section 22 of the Colorado Constitution provides:

"In all prosecutions for violations of the laws of Colorado, process shall run in the name of 'The People of the State of Colorado'; all prosecutions shall be carried on in the name and by the authority of 'The People of the State of Colorado', and shall conclude, 'against the peace and dignity of the same'."

Section 16–5–202, C.R.S.1973 (1978 Repl. Vol. 8), prescribes the requisites for an information. The suggested form of an information prescribed in subsection (2) of that statute includes the concluding language, "against the peace and dignity of the people of the state of Colorado." The defendant contends that the omission of the phrase, "against the peace and dignity of the same" renders the information fatally defective. We reject this argument.

The defendant first raised this issue at the conclusion of all the evidence when he moved for a judgment of acquittal under Crim.P. 29 on the ground that the information was defective. The trial court properly denied the defendant's motion.

We hold that the defect in the information is one of form, rather than substance, and does not deprive the court of jurisdiction or constitute a failure to charge an offense. *Chemgas v. Tynan,* 51 Colo. 35, 116 P. 1045 (1911). An information is sufficient if it advises the defendant of the nature of the charges against him so that he can adequately defend himself and be protected from further prosecution for the same offense. *People v. Albo,* 195 Colo. 102, 575 P.2d 427 (1978); *People v. Bergstrom,* 190 Colo. 105, 544 P.2d 396 (1976); *People v. Ingersoll,* 181 Colo. 1, 506 P.2d 364 (1973). In addition, objections to the form of an information must be made before trial or they are waived. *Russell v. People,* 155 Colo. 422, 395 P.2d 16 (1964). Technical defects in the form of an information do not require reversal unless the substantial rights of the defendant are prejudiced. *People v. Albo, supra.* The defendant has made no showing that the omission of the conclusion in the information prejudiced him in any way.

## IV.

Counts 2 through 4 of the information allege that the defendant committed certain traffic offenses of which he was found guilty by the jury.[1] Specifically, the charges include leaving the scene of an accident, section 42–4–1401, C.R.S.1973 (1982 Supp.); failure to give notice, information, and aid, section 42–4–1403, C.R.S. 1973 (1982 Supp.); and failure to report an accident, sections 42–4–1406 and 42–7–202, C.R.S.1973 (1982 Supp.). In each count, it is alleged that an accident resulted in "injury to another person." The defendant claims that the information is fatally defective because the name of the victim is not alleged. As with the preceeding issue discussed in section III. of this opinion, the question of the failure of the information to allege the name of the victim was raised by a motion for judgment of acquittal made at the conclusion of the evidence.

An information is sufficient if the charge is made in the statutory language.

*People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968). Better practice dictates that the name of the victim be alleged in the information or complaint. However, the identity of the victim for the crimes charged in counts 2 through 4 is not an essential element of the offenses. Therefore, the defect is immaterial. *People v. Albo, supra; People v. Mora,* 172 Colo. 261, 472 P.2d 142 (1970); *People v. Goetz,* 41 Colo.App. 60, 582 P.2d 698 (1978). Moreover, a copy of the affidavit submitted in support of the request for an arrest warrant is attached to the information. The name of the victim is set forth in the affidavit. Since the defendant did not request a bill of particulars pursuant to Crim.P. 7(g) and the affidavit is attached to the information, we are not convinced that the substantial rights of the defendant were prejudiced by the omission of the victim's name in the information. *See People v. Morones,* 39 Colo.App. 451, 569 P.2d 336 (1977).

The judgment of the trial court is affirmed.

---

1. Count 5 charged the defendant with careless driving, section 42–4–1204, C.R.S.1973 (1982 Supp.).