The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Donnie E. RUSSELL, Defendant–
Appellant.

No. 99CA2015.

Colorado Court of Appeals,
Div. II.

Feb. 15, 2001.

Rehearing Denied April 12, 2001.

Certiorari Denied Nov. 27, 2001. *

---

* Justice COATS does not participate; Justice BENDER would grant as to the following issue:

Whether the court of appeals erred in denying Petitioner's claim that postconviction counsel's failure to raise the issue of the information being constitutionally deficient, and therefore not conferring jurisdiction upon the trial court to try him and enter judgment of conviction, amounted to ineffective assistance of counsel.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Donnie E. Russell, Pro Se.

Opinion by Judge CASEBOLT.

Defendant, Donnie E. Russell, appeals the order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In 1990, defendant was convicted of attempted first degree murder, first degree sexual assault, second degree kidnapping, aggravated robbery, second degree burglary, first degree arson, and commission of a crime of violence. Upon appeal, a division of this court affirmed the judgment of conviction.

*People v. Russell,* (Colo.App. No. 90CA1206, May 28, 1992) (not selected for official publication) (*Russell I* ). The supreme court denied certiorari on December 14, 1992.

Defendant subsequently filed a Crim. P. 35(c) motion for postconviction relief asserting ineffectiveness of his trial counsel, which the trial court denied. A division of this court affirmed that determination on appeal. *People v. Russell,* (Colo.App. No. 97CA0329, February 19, 1998) (not selected for official publication) (*Russell II* ).

In May 1999, defendant filed the Crim P. 35(c) motion at issue here, essentially arguing that he had been denied effective assistance of postconviction counsel. The trial court summarily denied the motion as successive, and this appeal followed.

Defendant contends the court erred in denying his motion without a hearing, without appointing counsel, and without making findings of fact and conclusions of law. We find no reversible error.

When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing. *See People v. Hartkemeyer,* 843 P.2d 92 (Colo. App.1992). In such circumstances, the court may also decline to exercise its discretionary authority to appoint counsel. *See Duran v. Price,* 868 P.2d 375 (Colo.1994). If a court properly denies a motion, its failure to make findings of fact and conclusions of law is harmless. *People v. Hartkemeyer, supra.*

I.

Defendant asserts that the court erred in summarily denying his motion as successive. Because defendant raised ineffectiveness of his *postconviction* counsel in his second motion, we agree that his motion was not successive. *See People v. Wiedemer,* 852 P.2d 424 (Colo.1993); *People v. Hickey,* 914 P.2d 377 (Colo.App.1995). However, as discussed below, we nevertheless conclude that defendant is not entitled to relief.

We note initially that the supreme court has not recognized a right to counsel in postconviction proceedings, but has held that

a district court has the authority to appoint counsel therefor. *See People v. Breaman,* 939 P.2d 1348 (Colo.1997). Ineffective assistance claims arising out of such circumstances are analyzed under the test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See People v. Hickey, supra.*

■ Accordingly, when, as here, a defendant claims to have received ineffective assistance of counsel, a court must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result. *Strickland v. Washington, supra.*

■ To prevail on such a claim, the defendant must establish that: (1) counsel's performance fell below the level of reasonably competent assistance; and (2) the deficient performance prejudiced the defense, resulting in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Davis v. People,* 871 P.2d 769 (Colo.1994).

■ Because a presumption of validity attaches to a judgment of conviction, the burden is on the defendant in a Crim. P. 35(c) proceeding to prove both elements of an ineffective assistance of counsel claim by a preponderance of the evidence. *Davis v. People, supra.*

### A.

Defendant first asserts that postconviction counsel was ineffective because she failed to raise the insufficiency of the information and the trial court's lack of jurisdiction over him. Specifically, defendant asserts that the information charging him with attempted first degree murder is substantively defective because it omitted an essential culpability element and failed to advise him adequately of the type of attempted first degree murder of which he was accused. We reject this contention.

■ Although objections to the form of an information are waived if not raised prior to trial, *People v. Hunter,* 666 P.2d 570 (Colo. 1983), a substantive defect may be raised at any time in the proceedings because it is jurisdictional in nature. Crim. P. 12(b)(2); *Gomez v. People,* 162 Colo. 77, 424 P.2d 387 (1967), *overruled on other grounds by People v. Williams,* 984 P.2d 56 (Colo.1999).

■ As pertinent here, an information must provide the defendant with notice of the charges sufficient to permit the preparation of an adequate defense, and it must protect him or her from further prosecution for the same offense. If an information fulfills these purposes, it invokes the jurisdiction of the court. *People v. Williams, supra.* If, however, the information fails to satisfy these requirements, it is substantively defective, and a conviction obtained pursuant to such an information is void. *Cervantes v. People,* 715 P.2d 783 (Colo.1986).

■ In determining the sufficiency of a particular charge in an information, a court restricts its examination to the four corners of that charge to ensure that the essential elements of a crime are directly alleged or incorporated by specific reference. *People v. Williams, supra.*

Here, the information charged defendant with "Criminal Attempt 1° Murder, C.R.S. 18–2–101 (Class 2 Felony)" asserting that defendant:

> did unlawfully and feloniously attempt to commit the crime of 1° Murder (Class 1 Felony) against DALING COLLIER, and did engage in conduct constituting a substantial step toward the commission of said crime, as defined by 18–3–102, C.R.S., as amended; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

### 1.

■ Defendant asserts that the information omitted the statutory language of § 18–2–101, C.R.S.2000, that the accused must commit the attempt "with the kind of culpability otherwise required for commission of an offense." He argues that, because this culpability element is essential to proving criminal attempt, its absence renders the information substantively defective. We disagree.

In support of his contention, defendant directs us to cases holding that intent to commit the underlying offense is an essential element of criminal attempt that must be proved at trial. *See People v. Juvenile Court*, 813 P.2d 326 (Colo.1991) (attempted first degree murder after deliberation); *People v. Frysig*, 628 P.2d 1004 (Colo.1981) (attempted first degree sexual assault), *overruled in part by People v. Krovarz*, 697 P.2d 378 (Colo.1985). However, defendant's reliance on these cases is misplaced.

■ It is not necessary that an information include every element of the offense that must be proved at trial. *People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973); *People v. Moran*, 983 P.2d 143 (Colo.App.1999). If it expresses the charge in language from which the nature of the charged offense can be readily understood, an information that does not conform to the exact wording of the statute is nevertheless substantively sufficient. *Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972).

■ When, as here, the ulterior crime is stated, and statutory references for criminal attempt and the ulterior crime are provided, the omission of the attempt culpability is merely an error in form, not of substance. *See People v. Valdez*, 946 P.2d 491, 497 (Colo.App.1997) (information charging "criminal attempt to commit theft from an at-risk adult" and referencing criminal attempt and general theft statutes sufficient), *rev'd on other grounds*, 966 P.2d 587 (Colo.1998); *People v. Jiron*, 44 Colo.App. 246, 247, 616 P.2d 166, 167 (1980) (information charging "attempt to commit the crime of second degree burglary" and referencing statute defining ulterior crime sufficient). *Cf. People v. Williams, supra* (omission of ulterior crime from information charging first degree criminal trespass was only a defect in form).

Here, as in *Valdez* and *Jiron*, the information charged defendant with committing criminal attempt, specified the ulterior crime, and cited to the criminal attempt and the first degree murder statutes. Given these statutory references, defendant could readily determine that he had to have committed the attempt with the degree of culpability required for first degree murder. Thus, while it would have been the better practice to include the culpability element directly in the charge, we conclude the information was substantively sufficient.

### 2.

■ The information also neglected to specify, either by name or by statutory subsection, the type of first degree murder that defendant was accused of attempting. Defendant asserts that this omission renders the information substantively defective. Again, we disagree.

In support of this contention, defendant relies upon *People v. Tucker*, 631 P.2d 162 (Colo.1981). There, the supreme court held that, because embezzlement could be committed in numerous ways, an indictment that failed to specify how any of twelve alleged embezzlement counts had been committed was substantively defective. However, *Tucker* is distinguishable from the present case.

Here, the factual allegations in the information make it clear that defendant was accused of attempting to commit either murder after deliberation or felony murder. Since attempted felony murder is not a cognizable crime, *People v. Meyer*, 952 P.2d 774 (Colo.App.1997); *People v. Waits*, 695 P.2d 1176 (Colo.App.1984), *rev'd on other grounds*, 724 P.2d 1329 (Colo.1986), defendant had adequate notice that the charge was attempted first degree murder after deliberation.

Hence, again, the failure to name the kind of attempted first degree murder at issue or to cite to the appropriate statutory subsection was a defect in form rather than substance.

### 3.

■ We also reject defendant's related contention that the attempt charge failed to advise him sufficiently of the essential elements of the ulterior crime of first degree murder. It is unnecessary to descend into such detail when describing the ulterior crime in a charge. *People v. Williams, supra; People v. Ingersoll, supra.* Naming the ulterior offense in a general fashion and giving a statutory citation was sufficient.

#### 4.

To the extent that defendant raises a claim that defects in the form of the information nevertheless would dictate reversal of his conviction, we disagree.

■ Objections to the form of an information are waived if not raised prior to trial. *People v. Hunter, supra.* Nevertheless, even if we assume, without deciding, that defendant did not waive an objection to the form of the information, he must still demonstrate how any errors prejudiced him. *See People v. Williams, supra; Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970).

Here, defendant offers no examples of any prejudice. Moreover, our review of the record reveals that the jury instructions adequately advised the jury of the elements of both criminal attempt and the ulterior crime of first degree murder after deliberation. The prosecution also offered ample evidence to prove attempted first degree murder after deliberation.

Because the claim of insufficiency of the information and the trial court's asserted lack of jurisdiction over the charge against defendant lacks merit, we reject defendant's claim of ineffective assistance of counsel concerning this issue.

#### B.

■ Defendant next asserts that postconviction counsel provided ineffective assistance when she failed to pursue a claim that his trial attorney had breached his attorney-client privilege during trial. We disagree.

Defendant first alleges that his trial attorney breached his attorney-client privilege prior to the end of trial by telling the prosecutor that defendant had confessed to the crimes with which he was charged. The record refutes this contention.

At the postconviction hearing, the prosecutor made statements indicating his supposition that defendant had not testified because he had admitted his commission of the crimes to his attorney. However, there is no indication whatsoever that defendant's trial attorney told the prosecutor of any confession during the trial. Rather, the attorney told the prosecutor of such an admission just before the postconviction hearing, after defendant had asserted trial counsel's ineffectiveness.

Since the record establishes no basis for a finding that his trial counsel breached the attorney-client privilege, defendant's claim as to his trial attorney's ineffective assistance is without merit.

■ Furthermore, postconviction counsel's asserted failure to object to evidence regarding defendant's alleged admission did not amount to ineffective assistance of postconviction counsel. Defendant waived the attorney-client privilege he had with his trial counsel when he asserted trial counsel's ineffectiveness. *See People v. Sickich,* 935 P.2d 70 (Colo.App.1996) (because defendant put in issue what advice he did or did not receive from counsel, as well as his own understanding of the proceedings, he waived attorney-client privilege). The waiver occurred when he first asserted the claim of ineffectiveness in his Crim. P. 35(c) motion. *See Devenyns v. Hartig,* 983 P.2d 63 (Colo.App.1998) (when an action is initiated that injects party's physical or mental condition into the case, the party impliedly waives his or her privilege with respect to that medical condition).

Thus, trial counsel's disclosure of defendant's admission to the prosecution before the postconviction hearing did not violate any privilege. And, the testimony concerning such admission given at the postconviction hearing was within the scope of the waiver.

We note that defendant does not raise, nor do we address, the application of the Colorado Rules of Professional Conduct here. *See* Colo. RPC 1.6 (duty of confidentiality continues after lawyer-client relationship has terminated; lawyer may reveal confidential information to respond to allegations in any proceedings concerning lawyer's representation of client).

Accordingly, the trial court properly denied this claim.

#### C.

■ Defendant next asserts that postconviction counsel provided ineffective assistance

when she failed to pursue a claim that his trial attorneys had failed to call witnesses who could have corroborated his alibi. We reject this assertion also.

 A court need not entertain a defendant's motion for postconviction relief when that motion is based upon the same or similar allegations that have been fully litigated in an earlier appeal or Crim. P. 35(c) motion. Crim. P. 35(c)(3); *DePineda v. Price*, 915 P.2d 1278 (Colo.1996).

Here, in defendant's first Crim. P. 35(c) motion, he raised a similar claim that his trial counsel failed to investigate the time stamp on a pawn slip that would have corroborated his alibi defense. The trial court denied the claim, finding, with record support, that defendant's counsel had investigated the time stamp and discovered that the time recorded on it was incorrect because the pawn shop clock was inaccurate. A division of this court affirmed the trial court's denial of this claim. *Russell II, supra.*

Since defendant's current claim is essentially the same as that raised in his first Crim. P. 35(c) motion and that claim has been fully litigated, the trial court properly denied it.

## II.

 Defendant contends for the first time on appeal that constitutional violations occurred in his trial that would entitle him to relief. Specifically, he asserts that: (1) he was denied due process of law and effective assistance of counsel when mugshot photographs were admitted at trial; (2) he was denied his right to testify, and his waiver thereof was not knowing, voluntary, or intelligent; and (3) the trial court's failure to record all side bar bench conferences denied him due process of law. We disagree.

Defendant did not raise these claims at trial, on direct appeal, in his first Crim. P. 35(c) motion or the appeal therefrom, or in his second Crim. P. 35(c) motion. Defendant was required to bring these claims within three years of the date his conviction became final, absent justifiable excuse. *See* § 16–5–402, C.R.S.2000. Since defendant does not assert or present any justifiable excuse, he

does not assert that postconviction counsel was ineffective in failing to raise these issues, and he did not bring these claims within the three-year period, he is time-barred from presenting them now. Section 16–5–402(1.5), C.R.S.2000; Crim. P. 35(c)(3); *People v. Hampton*, 876 P.2d 1236 (Colo.1994).

Consequently, the trial court properly denied defendant's Crim. P. 35(c) motion without a hearing and without appointing counsel. Hence, any error in failing to make findings of fact and conclusions of law was harmless.

Order affirmed.

PLANK and JONES, JJ., concur.