22CA1892 Peo v Chalchi-Sevilla 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1892 El Paso County District Court No. 10CR1604 Honorable Robin Chittum, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Ricardo Chalchi-Sevilla, Defendant-Appellant. ORDER AFFIRMED Division IV Opinion by JUDGE NAVARRO Pawar and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee William Holzer, Alternate Defense Counsel, Littleton, Colorado, for Defendant-
Appellant 
1 ¶ 1 Defendant, Ricardo Chalchi-Sevilla, appeals the district court’s order denying his postconviction motion alleging that he received ineffective assistance of counsel at trial. We affirm. I. Factual and Procedural History ¶ 2 In April 2010, Esteban Garcia, his two granddaughters, and an employee were closing Garcia’s restaurant for the night when Bertha Melo knocked on the door. Garcia informed Melo that the restaurant was closed, but he eventually allowed her inside when she said she only needed to purchase a calling card (which the restaurant also sold). Melo purchased the calling card and left the store, returning to a pickup truck where Chalchi-Sevilla waited. Chalchi-Sevilla left the truck and went to the restaurant. As Garcia was locking the door, Chalchi-Sevilla pointed a gun at him and yelled (in Spanish), “Where is the money?” When Garcia attempted to pull out his own gun, Chalchi-Sevilla fired, hitting Garcia six times. Chalchi-Sevilla fled the scene, and Garcia died at the hospital. ¶ 3 Chalchi-Sevilla was convicted of first degree felony murder, conspiracy to commit aggravated robbery, attempted aggravated robbery, accessory to murder, and crime of violence counts. The 
2 trial court imposed a sentence of life in prison without the possibility of parole on the murder conviction and shorter, concurrent sentences on the other convictions. In 2015, a division of this court affirmed Chalchi-Sevilla’s convictions on direct appeal. See People v. Chalchi-Sevilla, (Colo. App. No. 12CA0202, Feb. 19, 2015) (not published pursuant to C.A.R. 35(f)). ¶ 4 In 2016, Chalchi-Sevilla filed a pro se petition for postconviction relief under Crim. P. 35(c), asserting that he received ineffective assistance of trial counsel. The district court denied the petition without appointing counsel or holding a hearing. In 2019, a division of this court reversed the district court’s ruling and directed that court to appoint postconviction counsel for Chalchi-
Sevilla, to allow counsel to supplement his pro se petition, and to conduct an evidentiary hearing. See People v. Chalchi-Sevilla, 2019 COA 75, ¶ 27. ¶ 5 In May 2021, Chalchi-Sevilla, through counsel, filed a supplemental petition for postconviction relief, again asserting that he received ineffective assistance of trial counsel. Following the evidentiary hearing, the district court denied the petition. 
3 II. Analysis ¶ 6 Chalchi-Sevilla contends that his trial attorneys did not provide effective assistance because they (1) failed to properly advise him of the potential parole impact on his prison sentence if he had accepted the prosecution’s plea offer; and (2) improperly advised him about his ability to assert a duress defense, thereby causing him to waive his right to testify rather than testify in support of such a defense. A. General Principles ¶ 7 “A criminal defendant is constitutionally entitled to effective assistance from his counsel.” Ardolino v. People, 69 P.3d 73, 76 (Colo. 2003). To demonstrate ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The defendant must show that (1) their attorney’s performance was deficient and (2) the deficient performance prejudiced them. Id. at 687; Dunlap v. People, 173 P.3d 1054, 1062 (Colo. 2007). To obtain relief, the defendant must prove both prongs of this test. People v. Russell, 36 P.3d 92, 95 (Colo. App. 2001); see Dunlap, 173 P.3d at 1063 (“Only where both the performance prong and the prejudice prong have been proven 
4 will a defendant be entitled to postconviction relief because of the ineffective assistance of counsel.”). ¶ 8 In postconviction proceedings, the legality of the judgment and regularity of the proceedings leading up to the judgment are presumed, and the defendant bears the burden to establish by a preponderance of the evidence the allegations in the postconviction motion. People v. Firth, 205 P.3d 445, 449 (Colo. App. 2008). Because the ineffectiveness of counsel inquiry involves mixed questions of fact and law, we defer to the district court’s findings of fact if they are supported by the record and review legal conclusions de novo. Dunlap, 173 P.3d at 1063. In resolving issues of fact, the district court determines the weight and credibility to be given the testimony of witnesses. People v. Gandiaga, 70 P.3d 523, 526 (Colo. App. 2002). B. Plea Offer ¶ 9 Chalchi-Sevilla first contends that his trial attorneys were ineffective because they failed to adequately advise him about his opportunity for parole if he accepted the prosecution’s offer of a stipulated sixty-year prison sentence. We disagree because the 
5 record supports the district court’s finding that the prosecution never made such a plea offer. 1. Additional Facts ¶ 10 In September 2011, Chalchi-Sevilla and the prosecution began plea negotiations through a mediator. The prosecution offered Chalchi-Sevilla a stipulated sentence of seventy-five years for the crimes of second degree murder and attempted aggravated robbery. Chalchi-Sevilla’s counsel proposed a counteroffer of thirty to forty years if he pleaded guilty to second degree murder. Ultimately, the parties failed to reach an agreement, and this case went to trial. ¶ 11 In Chalchi-Sevilla’s pro se and supplemental Rule 35(c) petitions, he alleged that the prosecution extended a plea offer of sixty years and that his counsel recommended that he reject the deal because an offer of sixty years was “essentially equivalent to a life sentence.” He also alleged that at no point during the mediation did his attorneys ever discuss the possibility of being paroled or parole eligibility dates. ¶ 12 Three witnesses testified during the postconviction hearing: Jared Grabski, who represented Chalchi-Sevilla as second-chair counsel from the beginning of the case through trial; Todd Johnson, 
6 who represented Chalchi-Sevilla as first-chair counsel from October 2011 through the trial; and Chalchi-Sevilla himself. ¶ 13 Grabski testified that the plea negotiations occurred at mediation in September 2011. He indicated that — due to his role as second chair — it was unlikely that he led any discussions with Chalchi-Sevilla regarding the plea negotiations or the potential of parole. Grabski also said that Chalchi-Sevilla’s defense team would have advised him about the penalties and potential benefits of any plea offers but that he did not personally recall any such conversation with Chalchi-Sevilla. ¶ 14 Grabski remembered that the prosecution’s plea deal offered seventy-five years in prison, consisting of consecutive sentences for second degree murder and aggravated robbery. He also recalled that the defense proposed a counteroffer of thirty to forty years if Chalchi-Sevilla agreed to plead guilty to second degree murder. Grabski further testified that he did not remember the defense receiving any offers from the prosecution other than the seventy-
five-year deal. Grabski explained that no agreement was reached and that, at the end of mediation, the defense was “left with an offer of [seventy-five] years from the district attorney.” 
7 ¶ 15 Grabski was asked if he recalled the mediator telling the defense team to not “bother calling the DA’s office with anything less than [sixty years]?” Grabski responded, “I don’t remember that.” When later asked, “is that figure of [sixty] years one that was raised in negotiations,” Grabski said, “it sounds familiar, but I can’t be certain.” ¶ 16 Johnson testified that he became involved in Chalchi-Sevilla’s case in October 2011, shortly before the trial began. Johnson said that he did not have any recollection of plea negotiations occurring after he became involved and that “to a certain extent by the time I came on it was a trial case.”
1 ¶ 17 Chalchi-Sevilla testified that his attorneys told him that he was charged with homicide and that, if he was convicted, he could face the penalty of life in prison without the possibility of parole. He said his attorneys did not discuss a plea deal with him until mediation. He said he offered to plead guilty if there was a 1 Two other attorneys — Tamra Bowman and Tracy Eubanks — represented Chalchi-Sevilla as first-chair counsel before Todd Johnson. Neither Chalchi-Sevilla nor the prosecution offered the testimony of Bowman or Eubanks at the postconviction hearing. 
8 guarantee of between thirty to forty years in prison but that the prosecution rejected the offer, saying that it “had to be [seventy-five years].” ¶ 18 Chalchi-Sevilla also testified that, after mediation, he had several conversations with his attorneys. He confirmed that his attorneys said the prosecution had offered a plea of seventy-five years. Then, Chalchi-Sevilla claimed that his attorneys said the offer was for sixty years but that they advised him to reject a sixty-
year offer because it was practically a life sentence without parole. ¶ 19 In its written order, the district court found that the testimony of the attorneys was credible, and that Chalchi-Sevilla’s testimony was not. The court also found that the prosecution never made an offer of sixty years to Chalchi-Sevilla and that he would not have taken such an offer in any event. Therefore, the court determined that, “[a]s there was no [sixty-year] offer, trial counsel was not deficient in failing to discuss potential parole on such an offer.” 2. Analysis ¶ 20 Deficient performance is that which falls outside “the wide range of professionally competent assistance.” People v. Washington, 2014 COA 41, ¶ 18 (quoting People v. Cole, 775 P.2d 
9 551, 554 (Colo. 1989)). An attorney’s failure to present a defendant with the opportunity to make a reasonably informed decision whether to accept a plea offer constitutes deficient representation. Carmichael v. People, 206 P.3d 800, 806 (Colo. 2009) (holding that attorney’s “failure to appropriately counsel his client regarding the attractiveness of the plea bargain in relation to the risks of going to trial was constitutionally deficient performance”); People v. Delgado, 2019 COA 55, ¶ 17 (holding that an attorney’s failure to properly advise a defendant about his sentencing exposure deprives that defendant of the opportunity to make an informed decision whether to accept or reject an offer). ¶ 21 To establish prejudice where the defendant rejected a plea offer, the defendant must show a reasonable probability that, but for counsel’s deficient performance, the defendant would have accepted the offer. Carmichael, 206 P.3d at 807; Delgado, ¶ 21. The defendant must also demonstrate a reasonable probability that the prosecution would not have withdrawn the offer and that the court would have accepted it. Delgado, ¶ 21; see also Lafler v. Cooper, 566 U.S. 156, 164 (2012). 
10 ¶ 22 We conclude that the evidence presented at the hearing — specifically, the testimony of Grabski and Johnson detailed above — supports the district court’s finding that the prosecution did not offer a plea deal of sixty years in prison. See Delgado, ¶ 29 (The threshold question for an ineffective assistance of counsel claim based on the defendant’s rejection of an alleged plea offer is, “Did the prosecutor offer defendant a plea agreement before the first trial? If not, the claim fails.”). ¶ 23 To the extent Chalchi-Sevilla’s testimony about a sixty-year offer conflicted with others’ recollection, we must defer to the district court’s resolution of the conflict. See People v. Corson, 2016 CO 33, ¶ 32 (deferring to the district court’s findings because the court’s credibility determination had support in the record); Sanchez-Martinez v. People, 250 P.3d 1248, 1254 (Colo. 2011) (“[A]ssessing the credibility of witnesses is a trial court function.”). Notably, Grabski recalled only a seventy-five-year offer from the prosecution, and he testified that any other offer would have been documented in the defense’s case file. While Grabski also testified that the mediator’s comment about a sixty-year sentence sounded familiar, he could not be certain the comment was made. 
11 ¶ 24 Nonetheless, Chalchi-Sevilla relies heavily on the mediator’s alleged comment that defense counsel should “not bother giving a counteroffer of less than [sixty years].” Chalchi-Sevilla says the mediator’s statement “should be sufficient to establish an offer of [sixty] years.” But even assuming the mediator made this comment to the defense, it does not suggest — much less, conclusively establish — that the prosecution made a sixty-year offer. The prosecution, not the mediator, was vested with the discretion to engage in, or abstain from, plea negotiations. See People v. Justice, 2023 CO 9, ¶¶ 24-25 (holding that the “decision to have or forgo plea discussions is the People’s and the People’s alone” and that the defendant cannot “enlist the court’s assistance via an order for mediation to try to force the People to extend an offer or to consider a more favorable offer”). ¶ 25 In sum, because evidence in the record supports the district court’s factual finding that the prosecution did not offer Chalchi-
Sevilla a sixty-year plea deal, we affirm the court’s decision that his counsel could have not performed deficiently with respect to such a plea deal. 
12 ¶ 26 Finally, to the extent Chalchi-Sevilla raises issues with respect to the seventy-five-year plea offer, we will not address them. In his Crim. P. 35(c) petitions, he alleged that his trial counsel performed deficiently as to the prosecution’s alleged sixty-year plea offer. He did not claim that his counsel rendered ineffective assistance as to the plea offer of seventy-five years. Likewise, his postconviction counsel’s arguments at the hearing focused on the alleged sixty-
year plea offer. ¶ 27 On appeal, however, Chalchi-Sevilla now claims that his trial counsel also rendered ineffective assistance as to the prosecution’s plea offer of seventy-five years. He says this claim was preserved at the hearing by his postconviction counsel’s two-sentence allusion to why he rejected the seventy-five-year plea offer. Even assuming (without deciding) that a defendant can raise new postconviction claims at an evidentiary hearing, we conclude that counsel’s fleeting assertion did not sufficiently alert the district court to the claim 
13 now raised on appeal. Not surprisingly, then, the court did not rule on such a claim.
2 ¶ 28 And we will not entertain the new claim on appeal. To allow Chalchi-Sevilla to use his appellate briefs “to fortify” issues “inadequately raised or supported by his motion” would “effectively grant [him] a successive 35(c) motion without also burdening him with the harsher standard of review appropriate to a successive motion.” People v. Rodriguez, 914 P.2d 230, 251 (Colo. 1996); DePineda v. Price, 915 P.2d 1278, 1280 (Colo. 1996) (“Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.”); People v. Stovall, 2012 COA 7M, ¶ 3 (“Defendant has asserted three claims of ineffective assistance of plea counsel that were not sufficiently presented to the trial court and, therefore, are not properly before us.”). 2 In his reply brief, Chalchi-Sevilla says “the court’s rejection of the petition was a ruling on the claim” related to the seventy-five-year plea offer. As noted, however, his Crim. P. 35(c) petitions did not raise such a claim. 
14 ¶ 29 Given all this, we affirm the district court’s order that Chalchi-
Sevilla did not receive ineffective assistance of counsel with respect to plea negotiations. C. Duress Defense and the Right to Testify ¶ 30 Chalchi-Sevilla also contends that his attorneys provided ineffective assistance because, based on their misunderstanding of the law, they advised him not to testify that he was under duress at the time of the crimes. We disagree because he did not prove that his attorneys gave him such advice. 1. Additional Facts ¶ 31 At the postconviction hearing, Chalchi-Sevilla testified that, the week before the trial, he told his attorneys that he acted under duress during the crimes (because Melo forced him to commit the crimes). He asserted that, after his attorneys learned that he wanted to testify about this duress, they advised him not to testify and that duress could be a defense to the theft charge but not to the homicide charge.
3 Based on this information, Chalchi-Sevilla alleged, he decided not to testify at trial. 3 Chalchi-Sevilla was not charged with theft. 
15 ¶ 32 Grabski testified at the postconviction hearing that he did not remember having any conversations with Chalchi-Sevilla about Melo forcing him to participate in the crimes. Grabski also pointed out that Chalchi-Sevilla never mentioned that he acted under duress when he gave his statement to the police; rather, Chalchi-
Sevilla denied being at the scene of the crime. Based on this information, Grabski believed that the best trial strategy for Chalchi-Sevilla’s defense was to attack the credibility of the witnesses who had identified Chalchi-Sevilla as the culprit. ¶ 33 Similarly, Johnson did not recall having conversations with Chalchi-Sevilla about a duress defense. Johnson said he was confident that he spoke with Chalchi-Sevilla about the nature of the defense before trial. Johnson, however, was less confident about whether any of those conversations addressed duress. He testified that he did not recall having that specific conversation with Chalchi-Sevilla. Although Johnson recalled having conversations during his career about duress not being a defense to felony murder, he could not “specifically say it was tied to this case.” ¶ 34 When Johnson was later asked if he believed that “duress would have been something you would have discussed with 
16 [Chalchi-Sevilla],” he replied, “Yes, I believe so.” Subsequently, however, Johson reiterated that he had no “independent recollection” of such a conversation with Chalchi-Sevilla. 2. Analysis ¶ 35 To establish ineffective assistance of counsel regarding a waiver of the right to testify, the defendant must prove by a preponderance of the evidence that (1) defense counsel’s advice fell below the professional level of competence demanded of attorneys practicing in criminal law at the time of the trial and thereby deprived the defendant of the ability to make an informed and voluntary decision on whether to exercise the right to testify; and (2) a reasonable probability exists that, but for defense counsel’s deficient performance, the result of the trial would have been different. People v. Naranjo, 840 P.2d 319, 325 (Colo. 1992). ¶ 36 Chalchi-Sevilla contends that he elected not to testify that he was under duress when he participated in the crimes because his counsel advised him that duress was not a defense to felony murder. He says this advice was erroneous in light of the decision in Doubleday v. People, 2016 CO 3, which was announced five years after his trial. In that case, our supreme court held that duress can 
17 be a defense to felony murder where duress is a defense to the predicate offense of the felony murder charge. See id. at ¶¶ 24-27. ¶ 37 Chalchi-Sevilla, however, failed to prove to the fact finder’s satisfaction that his counsel gave him erroneous advice about duress. To reiterate, a defendant must establish each Strickland prong by a preponderance of the evidence. See Naranjo, 840 P.2d at 325. Thus, the defendant bears the burden to convince the district court that the existence of the pertinent fact is “more probable than its nonexistence.” People v. Taylor, 618 P.2d 1127, 1135 (Colo. 1980) (quoting Page v. Clark, 197 Colo. 306, 318, 592 P.2d 792, 800 (1979)). Put differently, proof by a preponderance of the evidence requires that the evidence must “preponderate over, or outweigh, evidence to the contrary.” City of Littleton v. Indus. Claim Appeals Off., 2016 CO 25, ¶ 38 (citation omitted). ¶ 38 Neither of Chalchi-Sevilla’s attorneys who testified at the hearing recalled any conversation with him about a duress defense. While Chalchi-Sevilla testified that such a conversation took place, the court generally found his testimony incredible. As a result, the court found that “the evidence on this issue is blurred. The Court is not convinced a discussion about duress did not take place. The 
18 Court is not convinced a discussion did take place.” Consequently, because Chalchi-Sevilla did not convince the court that the alleged discussion about duress took place, he failed to carry his burden to prove that his counsel performed deficiently. ¶ 39 Therefore, we will not disturb the court’s denial of his claim. III. Conclusion ¶ 40 The order is affirmed. JUDGE PAWAR and JUDGE JOHNSON concur.